UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANCINE DYCHIUCHAY,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>DAVID GRIESHABER, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:15-cv-00558-JCM-PAL<br><br>ORDER |

Presently before the court is Francine Dychiuchay's ("plaintiff") motion to remand to state court. (Doc. # 5). Defendants Aradia Investments, Inc. and David Grieshaber ("defendants") filed a response, (doc. # 10), and plaintiff filed a reply, (doc. # 12).

Also before the court is defendants' motion to dismiss for lack of personal jurisdiction. (Doc. # 9). Plaintiff filed a response, (doc. # 15), and defendants filed a reply, (doc. # 17).

Finally before the court is defendants' motion for sanctions. (Doc. # 11). Plaintiff filed a response, (doc. # 16), and defendants filed a reply, (doc. # 18).

**I.　　Background**

This action arises from the parties' agreements to operate a pornographic website. Plaintiff is a model and defendants acted in management roles. Defendant David Grieshaber ("Grieshaber") is a resident of California. Defendant Aradia Investments, Inc. ("Aradia") is a California corporation. Plaintiff is a resident of the state of Nevada. (Doc. # 2).

In 1998, plaintiff and defendants executed a written agreement regarding the website VividDreams.com. On July 2, 2000, defendants terminated the contract. Later in 2000, the parties entered into a verbal agreement to operate a website, FrancineDee.com, as partners. (Doc. # 2).

**James C. Mahan**
**U.S. District Judge**

Pursuant to the agreement, plaintiff took explicit photos of herself at various locations, primarily in Las Vegas, Nevada. She posted these photos to the website, and at times sent them to defendants electronically. Plaintiff also conducted webchats out of her home in Las Vegas through the website. (Doc. # 2).

To facilitate her work, plaintiff kept company technical equipment at her home in Las Vegas. Defendants operated the website and would post items referencing clubs in Las Vegas and plaintiff's residence there. Defendants eventually terminated the agreement. (Doc. # 2).

Plaintiff previously filed a separate complaint in a separate case, which also came before this court, against the same defendants arising out of the above conduct. On February 11, 2014, plaintiff filed an action in state court against defendants based on the 1998 written contract. Plaintiff's first complaint included claims for accounting, constructive trust, breach of contract, bad faith, reformation, unjust enrichment, implied contract, promissory estoppel, misappropriation of name and likeness, fraudulent concealment, embezzlement, breach of fiduciary duty, and injunctive relief. On March 7, 2014, defendants removed that action to this court. On March 12, 2014, defendants filed a motion to dismiss for lack of personal jurisdiction in that case.

The parties briefed the motion and the court heard arguments on April 21, 2014. At the hearing, the court stated that the motion would be granted. On April 28, 2014, the court entered an order granting the motion and dismissing plaintiff's complaint. On February 4, 2015, the court denied plaintiff's motion to reconsider the court's order on defendants' motion to dismiss. *See Dychiuchay v. Grieshaber et al.*, No. 2:14-cv-00354-JCM-GWF, 2015 WL 476195, at *5 (D. Nev. Feb. 4, 2015).

On February 27, 2015, plaintiff filed the instant complaint in a new state court case. Plaintiff's second complaint includes similar claims to those in her first complaint, but adds causes of action for violation of rights of publicity, violation of right of endorsement, and false light/invasion of privacy. (Doc. # 2).

On March 18, 2015, defendants sent plaintiff's counsel a safe harbor letter pursuant to Federal Rule of Civil Procedure 11. Plaintiff did not withdraw her complaint within the safe harbor period. (Doc. # 11).

James C. Mahan
U.S. District Judge

- 2 -

On March 26, 2015, defendants removed the case to this court. (Doc. # 2). The parties then filed the instant motions.

## II.     Legal Standard

  *i.     Motion to dismiss*

To avoid dismissal for lack of personal jurisdiction on the pleadings, a plaintiff bears the burden of demonstrating that his or her allegations would establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). A plaintiff must demonstrate jurisdiction over each defendant individually. *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990). However, allegations in the plaintiff's complaint must be taken as true and considered in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." Nev. Rev. Stat. § 14.065. An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). For specific jurisdiction, a plaintiff must demonstrate that each nonresident defendant has at least "minimum contacts" with the relevant forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Id.* at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citations omitted).

. . .

James C. Mahan
U.S. District Judge

- 3 -

"The purposeful availment prong of the minimum contacts test requires a qualitative evaluation of the defendant's contact with the forum state, in order to determine whether [the defendant's] conduct and connection with the forum State are such that [the defendant] should reasonably anticipate being haled into court there." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (citations omitted) (internal quotation marks omitted).

*ii.   Sanctions*

Lawyers may be sanctioned for improper conduct pursuant to three primary sources of authority: (1) Federal Rule of Civil Procedure 11; (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings; and (3) the court's inherent power. *Fink v. Gomez,* 239 F.3d 989, 991 (9th Cir. 2001).

Federal Rule of Civil Procedure 11 "provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or brought for an improper purpose." *Smith & Green Corp. v. Trs. of Constr. Indus. & Laborers Health & Welfare Trust*, 244 F. Supp. 2d 1098, 1102 (D. Nev. 2003); *See* Fed. R. Civ. P. 11(b); *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992). Courts have inherent power to impose sanctions for bad faith conduct by litigants. *Chambers v. Nasco, Inc.,* 501 U.S. 32, 35 (1991) (affirming district court's order imposing sanctions for bad faith conduct). "A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred, and (2) decide whether to impose sanctions." *Id.*

**III.   Discussion**

The court will first address defendants' motion to dismiss for lack of personal jurisdiction.

*i.   Motion to dismiss*

Defendants argue that plaintiff's complaint must be dismissed because this court lacks personal jurisdiction over defendants. Defendants maintain that they have not purposely availed themselves of the privileges of conducting business in Nevada. Defendants further rely on this court's prior ruling dismissing plaintiff's action against defendants for lack of personal jurisdiction. (Doc. # 9).

**James C. Mahan**
**U.S. District Judge**

- 4 -

*a. Outside evidence*

As an initial matter, the court wishes to note that consideration of outside exhibits does not, as plaintiff contends and defendants suggest, convert the instant motion into a motion for summary judgment. In their briefing, the parties conflate the standards for considering motions to dismiss under Rules 12(b)(6) and 12(b)(2).[1]

Federal Rule of Civil Procedure 12(d) specifies that matters outside the pleadings may convert a motion under Rule 12(b)(6) or Rule 12(c) into a motion for summary judgment. Fed. R. Civ. P. 12(d). However, this standard applies to motions to dismiss for failure to state a claim and motions for judgment on the pleadings only. *See id.*

By contrast, "[t]he court may consider evidence presented in affidavits to assist in its determination" of personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *see also Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995) (classifying motion as one for dismissal, not summary judgment, where district court considered declarations, deposition testimony, and other submitted evidence); *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (noting that to meet burden of establishing personal jurisdiction, plaintiff "could not simply rest on the bare allegations of its complaint, but rather was obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction"). Accordingly, the court is not prohibited from considering the parties' attached exhibits in ruling on the instant motion.

Moreover, courts "may take notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted). On this basis, the court finds it appropriate to take judicial notice of certain filings in plaintiff's prior action against defendants.

---

[1] For example, plaintiff contends that review of the instant motion is limited to the contents of the complaint, citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). (Doc. # 15). That case reviewed dismissal of certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6). It is therefore distinguishable and subject to a different standard pursuant to Federal Rule of Civil Procedure 12(d).

James C. Mahan
U.S. District Judge

- 5 -

The court will now address the substance of defendants' motion to dismiss for lack of personal jurisdiction.

### b. *Personal jurisdiction*

Plaintiff argues that the court's prior holding on personal jurisdiction is not binding here because the instant complaint alleges breaches of a separate agreement. (Doc. # 15). The court is not persuaded. Plaintiff's current claims arise out of the same facts and circumstances as her prior action, and plaintiff should have brought any claims based on the related oral agreement in her prior case. Plaintiff still fails to provide a sufficient constitutional basis for this court's assertion of personal jurisdiction over defendants.

Plaintiff's prior complaint evidences that the parties were all California citizens in 2000, the year that the parties purportedly entered into the oral contract. Plaintiff has now omitted any mention of her California citizenship from her complaint.[2] The court will not allow plaintiff to circumvent its prior ruling on personal jurisdiction in this manner. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("[A]dmissions in the pleadings are generally binding on the parties . . . ."). As the court already noted, plaintiff's unilateral move to Nevada does not suffice to establish this court's personal jurisdiction over defendants. (Doc. # 9-1).

In support of her response to the instant motion, plaintiff restates a number of arguments, all of which were previously asserted in her response to defendants' motion to dismiss in the earlier case before this court.[3] The court already rejected these arguments in granting defendants' prior motion to dismiss, and will not entertain them further.

---

[2] Plaintiff's prior complaint provided that she "is and was at all times hereto to the events set forth below, either a resident of the State of Nevada, (2005 through present date) or a resident of the State of California, (1998 through 2004)". (Doc. # 9-1). Plaintiff's current complaint omits the latter portion of the prior allegation, simply stating that she "is and was at all times relevant hereto, a resident of the State of Nevada." (Doc. # 2).

[3] For example, plaintiff argues that defendants are subject to personal jurisdiction based on their entry into a partnership with plaintiff and their maintenance of a Nevada address for purposes of compliance with the recordkeeping requirement of 18 U.S.C. § 2257. (Doc. # 15).

**James C. Mahan**
**U.S. District Judge**

Plaintiff also dedicates five pages of her response to rehashing her arguments in support of remand. (Doc. # 15). These arguments again have no bearing on the court's personal jurisdiction over defendants.

Overall, defendants' relationship with plaintiff and plaintiff's unilateral move to Nevada are not sufficient to confer jurisdiction over defendants. This court previously rejected plaintiff's arguments to the contrary, and reaffirmed that ruling in denying plaintiff's motion for reconsideration.[4] Accordingly, the court will grant defendants' motion to dismiss.

In doing so, the court will decline plaintiff's request to conduct jurisdictional discovery in this case. (Doc. # 15). Such a process would be inappropriate considering the evidence currently before the court, this case's procedural history, and the court's prior findings that defendants are not subject to personal jurisdiction in Nevada.

In light of the foregoing, the court will dismiss the case for lack of jurisdiction and deny plaintiff's motion to remand as moot. The court will now consider defendants' motion for sanctions.

ii.   *Motion for sanctions*

Defendants move for sanctions in the form of dismissal and an award of attorney's fees against plaintiff pursuant to Federal Rule of Civil Procedure 11.[5] (Doc. # 11). The court finds that sanctions are appropriate in this instance.

Plaintiff's attempt to distinguish this action from her first lawsuit on the basis that it involves a separate contract is unconvincing. While plaintiff characterizes her current complaint as relating to a different agreement, plaintiff's claims arise out of the same facts and circumstances

---

[4] Specifically, the court noted that "[a]dopting plaintiff's logic, defendants would be forced to breach the contract or submit to jurisdiction in any state where plaintiff unilaterally decided to move. This result is absurd."

[5] Specifically, defendants seek $720.00 based upon 3.2 hours of legal work at the rate of $225.00 per hour. They state that these costs reflect legal work for review and analysis of the second complaint, review of the prior lawsuit's pleadings, the research and drafting of the motion for sanctions, and drafting of the Rule 11 safe harbor letter. (Doc. # 11).

**James C. Mahan**
**U.S. District Judge**

- 7 -

as the prior action.  Accordingly, plaintiff fails to show any colorable basis for finding personal jurisdiction in this case, as discussed above.

This court previously dismissed plaintiff's prior action on the same basis.  As a result, the court finds that plaintiff's lawsuit lacks a sufficient legal basis and is frivolous.  Plaintiff's filing of the instant action in Nevada state court after this court ruled that defendants are not subject to personal jurisdiction in Nevada was clearly improper.

Plaintiff again rehashes her arguments regarding amount in controversy in her response to defendants' motion for sanctions.  As the court has established, this issue is irrelevant to personal jurisdiction.  Plaintiff's filings are duplicative and fail to assert any basis for relief from this court.

For these reasons, the court will grant defendants' motion for sanctions under Rule 11. Plaintiff shall pay defendants' attorney's fees as requested in the amount of $720.00.

**IV.    Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss for lack of personal jurisdiction, (doc. # 9), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to remand, (doc. # 5), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendants' motion for sanctions, (doc. # 11), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall pay defendants' attorney's fees in the amount of $720.00.

The clerk shall enter judgment in favor of defendants and close the case.

DATED June 15, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -