UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| FRANCINE DYCHIUCHAY, | Case No. 2:15-cv-00558-JCM-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DAVID GRIESHABER, et al., | |
| Defendants. | |

Presently before the court is defendants' David Grieshaber ("Grieshaber") and Aradia Investments, Inc. ("Aradia") (collectively "defendants") motion for attorney's fees. (Doc. # 22). Plaintiff Francine Dychiuchay ("Dychiuchay") filed a response in opposition. (Doc. # 23). To date, defendants have not filed a reply.

**I. Background**

This action arises from the parties' agreements to operate websites containing explicit photographs of plaintiff. In 2000, the parties entered into a verbal agreement to operate a website, FrancineDee.com, as partners. (Doc. # 1-1 at 13). In August 2003, the parties terminated their agreement. (*Id.* at 14). Subsequently, plaintiff requested that the defendants shut down the website, and alleges that defendants refused to do so. (*Id.* at 16).

Plaintiff then filed an action in state court on February 11, 2014, against defendants asserting thirteen causes of action arising out of the above conduct. On March 7, 2014, defendants removed that action to this court. On March 12, 2014, defendants filed a motion to dismiss for lack of personal jurisdiction in that case. Defendants' motion was granted on April 28, 2014, and this court denied plaintiff's motion to reconsider the court's order on defendants' motion to dismiss on February 4, 2015. *See Dychiuchay v. Grieshaber et al.*, No. 2:14-cv-00354-JCM-GWF, 2015 WL

476195, at *5 (D. Nev. Feb. 4, 2015).

On February 27, 2015, plaintiff filed suit in state court again, asserting fourteen causes of action arising out of the above conduct against the same defendants. (Doc. # 1-1). The causes of action in plaintiff's second suit include seven of the causes of action in plaintiff's original complaint, as well as seven new or expanded[1] causes of action. Defendants removed the action to federal court on March 26, 2015, under 28 U.S.C. § 1441. (Doc. # 1). On March 31, 2015, plaintiff filed a motion to remand the case back to state court. (Doc. # 5).

On April 17, 2015, defendants filed a motion to dismiss the case pursuant to FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction. (Doc. # 9). Defendants also filed a motion for sanctions pursuant to FED. R. CIV. P. 11 for filing a duplicative lawsuit. (Doc. # 11).

On June 15, 2015, this court granted defendants' motion to dismiss, having found that it lacked personal jurisdiction over the defendants. (Doc. # 20). On that date, this court also denied plaintiff's motion to remand the case back to state court as moot, and granted defendants' motion for sanctions, ordering that plaintiff pay defendants attorney's fees in the amount of 720 dollars. (Doc. # 21). Subsequently, defendants filed the instant motion for attorney's fees pursuant to NRS § 18.010(2), FED. R. CIV. P. 54(d)(2), and local rule 54-16. (Doc. # 22).

**II.    Legal Standards**

Federal Rule of Civil Procedure 54(d)(2)(B)(ii) provides that a motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." "A party moving for attorney's fees must therefore assert an independent source of authority for an award." *Assurance Co. of America v. Nat'l Fire & Marine Ins. Co.*, 2:11-cv-00275-JCM-GWF, 2012 WL 6626809, at *1 (D. Nev. Dec. 19, 2012).

Pursuant to Local Rule 54–16(b)(1) and (3), a party's motion for attorney's fees must include "[a] reasonable itemization and description of the work performed," and a brief summary demonstrating, among other things, the time spent, skill required, novelty and difficulty of the

---

[1] For example, plaintiff's original complaint included a cause of action for breach of contract. (*See* Case No. 2:14-cv-00354, Dkt. No. 1). In plaintiff's second complaint, plaintiff included two causes of action for breach of contract: one for breach of contract for payment of services and one for breach of contract for failure to terminate. (Doc. # 1-1).

2

1  case, and the customary fee charged." The motion must also be accompanied by an attorney
2  affidavit "authenticating the information contained in the motion and confirming that the bill had
3  been reviewed and edited and that the fees and costs charged are reasonable." LR 54–16(c).

4  **III. Discussion**

5  Defendant now moves for attorneys' fees under FED. R. CIV. P. 54(d)(2). Under Nevada
6  law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flamingo*
7  *Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 991 (1994). The decision to award attorneys' fees
8  is left to the sound discretion of the district court. *Id.*

9  In Nevada, a court may grant a motion for attorney's fees:

> [W]hen the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

16  NRS § 18.010(2)(b).

17  To support a discretionary award of attorney's fees, "there must be evidence in the record
18  supporting the proposition that the complaint was brought without reasonable grounds or to harass
19  the other party." *Semenza v. Caughlin Crafted Homes*, 901 P.2d 684 (Nev. 1995) (quoting
20  *Chowdhry v. NLVH, Inc.*, 851 P.2d 459 (Nev. 1993)).

21  Defendants filed their motion in compliance with federal and local rules. However, the
22  court finds that the plaintiff's second complaint was not brought without reasonable grounds or to
23  harass the defendants. Plaintiff states that her second complaint was made in a good faith effort to
24  cure a defect in her prior complaint. (Doc. # 23 at 9). Plaintiff's second complaint was not a mere
25  duplicate of her first complaint, and it included attempts to correct deficiencies identified in her
26  first complaint. The differences between plaintiff's first and second complaints, coupled with her
27  assertions that she filed the second action in a good faith attempt to correct the deficiencies in her
28  previous case, contradict defendants' allegation that plaintiff's second complaint was filed without

3

reasonable grounds.

Furthermore, this court has already awarded the defendants sanctions in the form of attorneys' fees in this action. (Doc. # 21). Accordingly, this court finds that an additional award of attorney's fees is inappropriate, and defendants' request is denied.

**IV. Conclusion**

This court finds that an award of attorney's fees in this matter is inappropriate because it finds that plaintiff's second suit was not brought without reasonable grounds and this court has already awarded sanctions.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Grieshaber and Aradia's motion for attorney's fees (doc. # 22) be, and the same hereby is, DENIED.

DATED THIS 28th day of October, 2015.

                                                            _____
                                                            JAMES C. MAHAN
                                                            UNITED STATES DISTRICT JUDGE